**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JANICE BALONEK and JANA BREADY, individually and on behalf of all similarly-situated persons, | ) ) ) ) Case No. |
| Plaintiffs, | ) ) Judge ) Magistrate Judge |
| v. | ) ) |
| SAFEWAY, INC. and DOMINICK'S FINER FOODS, INC. of ILLINOIS, | ) Jury Trial Demanded ) ) |
| Defendants. | ) |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiffs JANICE BALONEK ("Balonek") and JANA BREADY ("Bready") (collectively "Plaintiffs"), by and through their attorneys, DOLAN LAW, P.C. and ROBIN POTTER & ASSOCIATES, P.C. on behalf of themselves and all similarly-situated persons, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, complain of Defendants Safeway, Inc. ("Safeway") and Dominick's Finer Foods, Inc. of Illinois ("Dominick's"), and their successors and assigns, (collectively "Defendants"), as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1. This lawsuit arises under the FLSA and the IMWL as a result of Defendants' failure to pay all earned overtime wages due to Plaintiffs Balonek, Bready and all other similarly-situated persons.

2. Plaintiffs and the class they seek to represent are former employees of Defendants, who worked as General Merchandise Managers and/or Assistant General Merchandise Managers.

3. Defendants misclassified Plaintiffs as exempt from the FLSA's overtime provisions.

4. Plaintiffs and the class worked more than 40 hours in individual work weeks, but were not paid their earned wages for all the hours they worked or their overtime wages at the rate of 1.5 times their regular rate of pay as required by the FLSA and the IMWL.

## JURISDICTION AND VENUE

5. This action is brought as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a class action under the IMWL, 820 ILCS § 105/1, *et seq*.

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the State claims under 28 U.S.C. § 1367.

7. Venue is properly placed in this District because the Defendant is transacting business in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District pursuant to 28 U.S.C. §1391(b)(2) and (3).The amount in controversy is in excess of $75,000, exclusive of interest and costs under 28 U.S.C. §1332(a)(1).

## PARTIES

8. Plaintiffs Balonek and Bready reside in Illinois. Plaintiffs are former employees of Dominick's, and worked at various locations within this judicial district, including : 255 East Grand Avenue, Chicago, Illinois; 19965 S. LaGrange Road, Frankfort, Illinois; and 6300 Kingery Hwy, Willowbrook, Illinois; and 1300 S Naper Blvd Naperville, Illinois.

9. Defendant Dominick's Finer Foods Inc. of Illinois, ("Dominick's") is an Illinois corporation, and at all times relevant conducted business in the State of Illinois, including within this judicial district.

10. Defendant Safeway, Inc. ("Safeway") is a Delaware Corporation that owns and operates supermarket chains under the trade names of Dominick's Finer Foods, Inc., Von's, Tom

Thumbs, and others. Dominick's has been owned and operated by Safeway as a subsidiary since approximately 1998.

11. At all times relevant hereto, Plaintiffs were Defendants' "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and the IMWL, 820 ILCS § 105/3(d).

12. At all times relevant hereto, Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 2013(d) and the IMWL, 180 ILCS § 105/3(c).

13. Defendants effectuated and knowingly permitted the practices complained about herein.

## STATEMENT OF FACTS

14. Plaintiffs incorporate paragraphs 1 through 13 as if fully set forth herein.

15. Plaintiffs and the class of employees they seek to represent worked as General Merchandise Managers and/or Assistant General Merchandise Managers at Dominick's throughout the Chicagoland area. Plaintiffs and the class all shared similar job titles, training, compensation plans, policies and job requirements and duties.

16. Balonek has been employed with Defendants since approximately 1986 and through the end of 2013. Balonek worked as an Assistant General Merchandise Manager at Defendants' Archer and Willowbrook locations. She was also employed as a General Merchandise Manager at Defendants' Naperville and Woodridge locations between approximately 1993 and 2013.

17. Bready began working as a General Merchandise Manager for Defendants and from approximately 2001 to 2013 at Defendants' Frankfurt and East Grand stores in Chicago, Illinois.

18. Upon information and belief, Defendants' timekeeping and pay practices for General Merchandise Managers and Assistant General Merchandise Managers, as alleged herein, were the same throughout the State of Illinois.

19. Attached are 19 signed consent forms from putative class members. Each class member has worked as a General Merchandise Manager and/or an Assistant General Merchandise Manager at various Dominick's locations throughout Chicagoland and the State of Illinois, including but not limited to Chicago, Frankfurt, Carol Stream, Glen Ellyn, Northfield, Bensenville, Evanston, Matteson, Des Plaines, Wheaton, River Grove, and Oswego.

20. At all relevant times referenced herein, the Plaintiffs' primary duties involved the performance of non-exempt labor, including breaking down pallets, unpacking boxes, stocking and organizing shelves and displays, placing orders, and scanning product to check inventory.

21. At all relevant times referenced herein, Assistant General Merchandise Managers' primary duties involved the performance of non-exempt labor, including breaking down pallets, unpacking boxes, stocking and organizing shelves and displays, placing orders, and scanning product to check inventory.

22. Throughout their employment with Defendants, Plaintiffs and the class were required to, and regularly worked more than 40 hours a week. Defendants required, approved and/or suffered and permitted Plaintiffs to work more than 40 hours per week, and/or knew or should have known Plaintiffs worked more than 40 hours per week.

23. Throughout their employment by Defendants, Plaintiffs and the class were paid a base salary regardless of the hours they worked. Plaintiffs did not receive any additional compensation for hours worked in excess of 40 per week in direct violation of the FLSA and IMWL.

24. Throughout their employment, Defendants failed to maintain accurate records of time worked by Plaintiffs and the class.

25. Defendants' conduct was willful, including that they required, approved and/or suffered or permitted Plaintiffs and the class to perform non-exempt work, but paid them as exempt salaried employees.

26. Throughout the Collective Action Period, Defendants, upon information and belief, failed to post or keep posted notices required by the FLSA.

## COUNT I
*Willful Failure to Pay Overtime in Violation of the Fair Labor Standards Act*

### FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs incorporate paragraphs 1-26 as if fully set forth herein.

28. Plaintiffs seek to represent an FLSA class comprised of and defined as:

> All persons who have been employed by Defendants or their predecessors, successors or assigns as Assistant General Merchandise Manager, General Merchandise Managers, or in other similar job positions at any Dominick's location and at any time from February 2011 through and including the present and until final resolution of the case, and who have not been paid overtime rates of pay for all time worked over 40 hours in individual work weeks (herein "FLSA Class").

29. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b).

30. The named Plaintiffs and members of the proposed FLSA Class worked in excess of forty hours in a work week, but were not compensated at the applicable overtime rate for those hours.

31. The named Plaintiffs and members of the proposed FLSA Class have been equally affected by Defendants' violations, which amount to a single decision, policy or plan to avoid paying all earned and overtime wages.

32. Plaintiffs do not fall under any exemption or exception to the FLSA's overtime pay requirements.

33. Plaintiffs estimate the collective or class of employees to be in excess of 50 individuals.

34. A collective action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

35. Defendants' books and records are material to Plaintiffs' case as they disclose some of the hours worked by members of the FLSA Class and the amounts they were paid for that work.

36. Under the FLSA, 29 U.S.C. § 211(c), Defendants were required to maintain accurate records of hours worked by Plaintiffs.

37. Under the FLSA, 29 U.S.C. § 207(a)(1), Defendants were required to compensate Plaintiffs and the class for all hours worked and to pay a rate of time and a half their regular rate of pay for all overtime, i.e., hours worked in excess of 40 hours per work week.

38. At all relevant times herein, Defendants failed to maintain accurate records of the hours worked by Balonek, Bready, and other class members.

39. Defendants' conduct was willful and intentional, in that Defendants regularly required, approved and/or suffered or permitted Plaintiffs to work overtime hours for which they were not compensated at the statutory rates, or knew or should have known Plaintiffs worked overtime hours for which they were not compensated at the statutory rates.

40. As a result of Defendants' policy and practice of failing to pay Plaintiffs overtime compensation, Plaintiffs have been damaged and not received wages due and owing, pursuant to the FLSA.

**WHEREFORE**, Plaintiffs respectfully request this Court enter judgment in their favor and against Defendants for the following:

   a) An award of back pay equal to the amount of all unpaid overtime compensation;
   b) Finding Defendants' conduct alleged herein to be willful and award compensation for at least three years prior to the filing of this action;
   c) An award of liquidated damages equal to the amount of all unpaid minimum wage and overtime compensation, or alternatively, prejudgment interest;
   d) Attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b); and

e) Such other relief as this Court deems necessary and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law
### IMWL CLASS ACTION ALLEGATIONS

41. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 40 above as if fully set forth herein.

42. With respect to the IMWL claims, Plaintiffs seek to represent a class that is comprised of and defined as

> All persons who have been employed by Defendants or their predecessors, successors or assigns as Assistant General Merchandise Managers, General Merchandise, Managers, or in other similar job positions at any Dominick's location and at any time from February 2011 through and including the present and until final resolution of the case, and who have not been paid overtime rates of pay for all time worked over 40 hours in individual work weeks (herein "IMWL Class").

43. This action is brought as a class action pursuant to the Federal Rules of Civil Procedure Rule 23.

44. Plaintiffs estimate the class of employees who have been subjected to the Defendants' common unlawful pay practices during the respective Class Period to be more than 50 persons.

45. Because the IMWL Class is so numerous, joinder of all class members is impracticable.

46. The Named Plaintiffs and the IMWL Class have been equally affected by Defendants' failure to pay wages and overtime to the Plaintiffs and the Class.

47. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations, if any, that may exist between the members of the class.

48. The Named Plaintiffs and the IMWL Class and Defendants have a commonality of interest in the subject matter and the remedy sought.

49. The Named Plaintiffs are able to fairly and adequately represent and protect the interests of the IMWL Class.

50. Plaintiffs' counsel is competent and experienced in litigating large wage and hour and other employment actions.

51. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the IMWL Class, to the Court and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

52. Under the Illinois Minimum Wage Law, 820 ILCS 105/4, Defendants were required to pay Plaintiffs at least the minimum wage for all regular hours worked.

53. The Illinois Minimum Wage Law requires employers to maintain accurate records of hours worked by employees. 820 ILCS § 105/8.

54. Defendants regularly under-reported the time worked by Balonek, Bready, and other class members on their check stubs.

55. 820 ILCS § 105/4(a) requires Defendants to compensate employees at a rate of time and one-half their regular rate of pay for overtime hours, i.e., hours worked in excess of 40 in a workweek.

56. Defendants failed to compensate Balonek, Bready and other class members for all overtime hours which were worked but were not recorded in Defendants' time records.

57. Defendants were aware of, required, suffered and/or permitted Balonek, Bready and the class to work unpaid overtime hours.

58. Defendants' conduct complained of herein was willful and intentional, in that Defendants required, approved and/or suffered or permitted Plaintiffs to work hours for which they were not paid, and which were required to be paid, or knew or should have known Plaintiffs worked hours for which they were not paid, and which were required to be paid.

59. Because of Defendants' willful violation of the IMWL, Plaintiffs have been damaged in that they have not received wages due and owing pursuant to the IMWL.

**WHEREFORE,** Plaintiffs respectfully request this Court enter judgment in their favor and against Defendants for the following:

a) Actual damages;
b) 2% of the amount of underpayments for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 ILCS § 105/12;
c) Attorneys' fees and costs of this action pursuant to 820 ILCS § 105/12(a); and
d) Such other relief as this Court deems necessary and just.

60. Plaintiffs demand a trial by jury.

    Respectfully Submitted,

By: /s/ Robin Potter
One of Plaintiffs' Attorneys

| | |
|---|---|
| Martin Dolan, Esq.<br>Karen Munoz, Esq.<br>Dolan Law Offices, P.C.<br>10 South LaSalle Street, Suite 3702<br>Chicago, Illinois 60603<br>312-676-7600<br>312-849-2030 Facsimile<br>mdolan@dolanlegal.com<br>kmunoz@dolanlegal.com | Robin Potter, Esq.<br>M. Nieves Bolanos, Esq.<br>Patrick Cowlin, Esq.<br>Robin Potter & Associates, P.C.<br>111 East Wacker Drive, Suite 2600<br>Chicago, IL 60601<br>(312) 861-1800<br>(312) 861-3009 Facsimile<br>robin@potterlaw.org<br>nieves@potterlaw.org<br>patrick@potterlaw.org |