**IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JANICE BALONEK and JANA BREADY, individually and on behalf of all similarly-situated persons, | ) ) ) ) Case No. 14 C 1457 |
| Plaintiffs, | ) ) Judge James F. Holderman ) Magistrate Judge Young B. Kim |
| v. | ) ) |
| SAFEWAY, INC. and DOMINICK'S FINER FOODS, INC of ILLINOIS. | ) ) ) |
| Defendants. | ) |

**ORDER GRANTING FINAL APPROVAL**

The Parties, Janice Balonek and Jana Bready, for themselves and on behalf of the Class, and Dominick's Finer Foods, LLC ("Dominick's or "Defendant"), having appeared before the Court on February 12, 2015, for a Hearing on Final Approval of the Class Action Settlement in the above-captioned matter, the Court having reviewed the Plaintiffs' Motion for Final Approval of the Parties' Class Action Settlement and other related materials submitted by the Parties, as well as the Parties' presentation at the Hearing on Final Approval, and otherwise being fully informed in the premises:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1332(d)(2), including all members of the Settlement Class, preliminarily certified for settlement purposes only, by Order dated November 20, 2012, (ECF No. 45), and defined as follows:

> All persons who worked for Defendants in the State of Illinois in the job position General Merchandise Manager and/or Assistant General Merchandise Manager between February 28, 2011 and January 25, 2014 ("Class Period") and who were

paid on a salary basis (herein the "Class" or "Settlement Class").

2. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and Rule 23(b)(3) for purposes of settlement of this action. Accordingly, the Court finally certifies the Settlement Class for purposes of settlement of this action.

3. The Notice of Class Action Settlement ("Class Notice") sent to the members of the Class ("Class Members") by Class Counsel via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the Class Members of the telephone number and email address for Class Counsel. The Court finds that the Class Notice satisfies the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1).

4. The Court finds that no Class Members requested exclusion from the Settlement Class.

5. The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of Plaintiffs' case on the merits, weighed against Defendant's defenses and the complexity, length, and expense of further litigation, support approval of the Settlement. The Settlement Amount of $1,700,000 as set forth in the Settlement Agreement, is a fair, reasonable, and adequate settlement of the claims. The Settlement was reached pursuant to arm's-length negotiations between the Parties, and has the support of Class Counsel and Counsel for Defendant, both of whom have significant experience representing parties in

complex class actions, including those involving wage and hour claims. No objections to the Settlement were made by the Class Members, and this fact likewise supports approval. Finally, the litigation has progressed to a stage where the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

6. Plaintiffs' Counsel is administering the Settlement pursuant to the Settlement Agreement, with the assistance of Defendants' counsel. Counsel shall make a Settlement Payment to each member of the Settlement Class, in accordance with the calculations provided for in Section V.8 of the Settlement Agreement.

7. The Court finds that Named Plaintiffs and Class Representatives Janice Balonek and Jana Bready, in prosecuting the case on behalf of the Class, each made a substantial contribution to its outcome, and are therefore deserving of a service award in recognition of their effort. A Service Award in the amount of $10,000.00 each is therefore approved for Plaintiffs Balonek and Bready. These Service Awards shall be paid from the Settlement Amount.

8. The Court finds that Consent Plaintiffs – Sharon Briones, Linda Brzycki, Luis Cambroni, Kimberly Cirrintano, Beth Curran, Francesco Cusimano, Christine De Anda,, Patricia Franklin, Chiara ("Clare") Galloro, Linda Hardesty, Mary Horosimski, Robert Koch, Jr., Nicole Krivanek, Serene Manis, Sharon Maxa, Dennis McNamara, Karen Nofsinger, Lilia Plata, Hope Ruebensam, Kay Sharp, Greg Szymanski, and David Vileta – also contributed to a favorable outcome for Class Members, and are therefore deserving of a service award in recognition of their effort. A Service Award in the amount of $1,500.00 each is therefore approved for Plaintiffs – Briones, Brzycki, Cambroni, Cirrintano, Curran, Cusimano, De Anda,, Franklin,

Galloro, Hardesty, Horosimski, Koch, Jr., Krivanek, Manis, Maxa, McNamara, Nofsinger, Plata, Ruebensam, Sharp, Szymanski, and Vileta. These Service Awards shall be paid from the Settlement Amount.

9. Class Counsel are awarded or $450,000.00, in attorneys' fees and costs. The award of attorneys' fees and costs shall be paid from the Settlement Amount.

10. Plaintiffs and Class Members shall have 180 days from the issuance of their settlement checks to cash those checks. As provided in Section V.18 of the Parties' Settlement Agreement, settlement checks that are not timely cashed will be void. Any portion of the Settlement Fund that is unclaimed following the distribution period shall be issued to the Safeway Foundation within twenty-one (21) days after the check-cashing deadline as a *cy pres* distribution.

11. Defendant shall pay separate and apart from the Settlement Fund, the employer's share of all applicable state and federal payroll taxes on any back pay check distributed to the Plaintiffs and Class Members. Within fourteen (14) calendar days after entry of this Order, Defendants will provide Plaintiffs' Counsel with the settlement checks for all class members and a check for attorneys fees. Plaintiffs' counsel will mail or deliver the settlement checks to Class Members who did not exclude themselves within fourteen (14) calendar days of Defendants' providing the checks.

12. This Court hereby dismisses all claims released in the Settlement Agreement on the merits and with prejudice and without awarding costs to any of the Parties as against any other settling Party, except as provided in the Settlement Agreement.

13. The Court orders that all Plaintiffs and Class Members release and discharge the "Released Claims" arising during the Class Period against Defendant, and its past, present,

and future direct and indirect parents, affiliates, subsidiaries, divisions, officers, directors, and employees (the "Released Parties") for the period of time they were paid a salary and worked in the job position of General Merchandise Manager (GMM) and/or Assistant General Merchandise Manager (AGMM). The term "Released Claims" is defined as:

> All claims, demands, rights, liabilities, and causes of action based on Defendants' alleged failure to pay overtime, whether known or unknown, which the Plaintiffs have, have had, or may have under the IMWL, 820 ILCS 105/1 *et seq.*, for wages, interest, and other damages.

14. All persons who cash Settlement Checks shall also release claims for owed overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, arising during the Class Period against the Released Parties for the period of time they were paid a salary and worked in the job position of GMM and/or AGMM.

15. The Court grants final approval of the Settlement. This matter is dismissed with prejudice.

16. This Court retains jurisdiction under the Court's contempt power solely for the purpose of interpreting, implementing, and enforcing the Settlement Agreement consistent with its terms.

17. The Clerk is directed to enter judgment consistent with this order and close this file.

ORDERED this Twelfth day of February, 2015 in Chicago, Illinois.

_____
Hon. Judge James F. Holderman
United States District Judge
Northern District of Illinois